IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COLLEEN MAHAN, Individually and on behalf of LANNY BLAINE ROBINSON, Deceased, and the ESTATE OF LANNY BLAINE ROBINSON, | § § § § § | |
| Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO. H-02-1435 |
| CITY OF HOUSTON, TEXAS, MARK R. PENDERGAST, Individually, and JIMMY D. CARGILL, Individually, | § § § § § | |
| Defendants. | § § | |



United States Courts
Southern District of Texas
ENTERED

SEP 26 2002

Michael N. Milby, Clerk of Court

## ORDER

Before the Magistrate Judge upon referral from the District Judge is Defendant City of Houston's Motion for Entry of Protective Order (Document No. 23), in which the City of Houston seeks a protective order to limit the disclosure of the following documents to the parties in this lawsuit, and for use in this lawsuit only: "all of the internal Houston Police Department files (including but not limited to internal affairs files, homicide files, offense reports, training files, and personnel files), Houston Fire Department Files (including but not limited to internal affairs files, Houston Fire Department Emergency Medical Services EMS reports, EMS files, EMS medical reports, any homicide files [ ], incident reports, offense reports, training files and personnel files), and/or any other investigative reports and files, and the City of Houston Human Resources personnel files". Plaintiff, while not generally opposed to the entry of a protective order in this case, is opposed to two aspects of the protective order proposed by the City of Houston: the provision that states that "If any of the parties or their attorneys violate [the] Protective Order, the violating party and/or their attorney is precluded from using the document or documents that were the subject of the violation

30

in any manner", and the provision that states that the protective order "will remain in effect permanently, regardless of the outcome of [the] case."

Having considered the City of Houston's Motion for Protective Order, Plaintiff's response, and the two concerns outlined by Plaintiff, it appears that a protective order is warranted in this case to protect against any future disclosure of the type of documents identified by the City of Houston. In addition, it may well be that an appropriate sanction for the future improper disclosure of documents subject to such a protective order would be the disclosing party's inability to use such documents in any manner in this lawsuit, but the parties should not, *a fortiori*, be bound by such a possible sanction. Rather, the protective order should provide a mechanism for bringing any violations to the attention of the Court, and allowing the Court to thereafter determine an appropriate sanction. As for the provision that the protective order be in effect permanently, it realistically cannot be said at this stage of the proceedings whether the protective order should extend beyond the conclusion of this lawsuit. That is an issue which may be raised with the District Court at another time, presumably upon the conclusion of this litigation. With those two limitations on the City of Houston's proposed protective order, it is

ORDERED that Defendant City of Houston's Motion for Entry of Protective Order (Document No. 23) is GRANTED. Within twenty days after the entry of this Order, the parties shall file an agreed protective with terms that are consistent with the findings and conclusions set forth herein.

Signed at Houston, Texas, this 26th day of September, 2002.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE