IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

FEB 0 7 2003

Michael N. Milby, Clerk of Court

| | |
|---|---|
| COLLEEN MAHAN, Individually and on behalf of LANNY BLAINE ROBINSON, Deceased, and the ESTATE OF LANNY BLAINE ROBINSON, § § § § § § | |
| Plaintiff, § § | |
| v. § § | CIVIL ACTION NO. H-02-1435 |
| CITY OF HOUSTON, TEXAS, MARK R. PENDERGAST, Individually, and JIMMY D. CARGILL, Individually, § § § § § § | |
| Defendants. § | |

MEMORANDUM AND ORDER

Pending are Defendant The City of Houston's First Amended 12(b)(6) Motion to Dismiss (Document No. 18), Defendant Jimmy D. Cargill's First Amended 12(b)(6) Motion to Dismiss (Document No. 19), and Defendant Mark R. Pendergast's First Amended 12(b)(6) Motion to Dismiss (Document No. 22). After carefully considering the motions, responses, and applicable law, the Court concludes as follows:[1]

---

[1] Also pending are Defendant The City of Houston's Rule 12(e) Motion for More Definite Statement (Document No. 4), Defendant The City of Houston's 12(b)(6) Motion to Dismiss (Document No. 5), and Defendant Mark R. Pendergast's 12(b)(6) Motion to Dismiss (Document No. 9). After Defendants' Motions were filed, Plaintiff was granted leave to file her First Amended Complaint. Since then, Defendants have filed new Motions to Dismiss addressing Plaintiff's First Amended Complaint. Accordingly, Defendants' 12(b)(6) Motions to Dismiss (Documents No. 5 and 9) as well as The City of Houston's Motion for More Definite Statement (Document No. 4) are DENIED as moot.

34

I. <u>Background</u>

This is a 42 U.S.C. § 1983 claim for use of excessive force filed against The City of Houston ("City"), Officer Mark R. Pendergast ("Officer Pendergast"), and Officer Jimmy D. Cargill ("Officer Cargill"). Plaintiff Collen Mahan ("Mahan") is suing in her individual capacity, in behalf of her deceased son, Lanny Blaine Robinson ("Robinson"), and as representative of the Estate of Robinson pursuant to the Texas Wrongful Death Act, Tex. Civ. Prac. & Rem Code. Ann. § 71.004, and the Texas Survival Statute. Mahan alleges that Defendants violated Robinson's constitutional rights when on April 19, 2000, undercover Officer Pendergast shot Robinson ten times at point blank in the face and chest area while Robinson and Pendergast rode in the back seat of a car driven by undercover Officer Cargill.

Mahan alleges that the gravamen of her complaint is "that the defendant police officers [Pendergast's and Cargill's] use of deadly force against [her son] was objectively unreasonable and excessive." Document No. 8, at ¶ 7. She is asserting a claim for use of excessive force under 42 U.S.C. § 1983 against both the City and the Officers, in their individual capacity, alleging that Officers Pendergast and Cargill were acting pursuant to the City's deficient policies and customs when they shot Robinson. Mahan further alleges that the City "provides its officers to [sic] too much discretion in determining whether to use excessive force

2

without considering less drastic alternatives," that the City failed adequately to supervise Officers Pendergast and Cargill, and that the City failed adequately to discipline, train, fire, or reassign Officers Pendergast and Cargill. Id. at ¶ 24-27. In addition, Mahan is seeking relief against Officers Pendergast and Cargill in their individual capacities under state law. Mahan alleges that Officers Pendergast and Cargill "negligently used tangible property in proximately causing the death of [Robinson]." Id. at ¶ 29.

The City, Officer Pendergast, and Officer Cargill now move to dismiss Mahan's claims in their entirety. The City alleges that Mahan has failed to identify any alleged constitutional violations or the existence of an official policy or custom. In addition, the City moves to dismiss any state law claims filed against the City based on governmental immunity. Finally, the City maintains that Mahan lacks standing to sue in behalf of Robinson's estate. Officers Pendergast and Cargill likewise move to dismiss Mahan's claims based on qualified immunity.

II. Standard for Motion to Dismiss

Rule 12(b)(6) authorizes the dismissal of a claim for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In considering a motion to dismiss under Rule 12(b)(6), a court may not look beyond the face of the pleadings. Classroom

Teachers of Dallas v. Dallas Indep. Sch. Dist., 164 F. Supp. 2d 839, 845 (N.D. Tex. 2001). Moreover, a district court must liberally construe the allegations in the complaint in favor of the plaintiff and must accept as true all well-pleaded facts in the complaint. Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997).

Dismissal of a claim is improper unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000). "A plaintiff, however, must plead specific facts, not mere conclusory allegations, to avoid dismissal." Classroom Teachers of Dallas, 164 F. Supp. 2d at 845. "A motion to dismiss under rule 12(b)(6) 'is viewed with disfavor and is rarely granted.'" Collins, 224 F.3d at 498 (quoting Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, 677 F.2d 1045, 1050 (5th Cir. 1982)).

### III. Discussion

#### A. Claims Against Officers Pendergast and Cargill

Defendants move to dismiss Mahan's claims based on qualified immunity. First, they allege that Mahan has failed to plead a violation of a constitutional right. Next, they contend that their actions were objectively reasonable. The Fifth Circuit has held that when a plaintiff is seeking redress for deprivations of

4

constitutional rights against individual government officials, the plaintiff's claims are subject to the heightened pleading standard previously enunciated in Elliott v. Perez, 751 F.2d 1472 (5th Cir. 1985). Baker v. Putnal, 75 F.3d 190, 195 (5th Cir. 1996) (holding that Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 113 S. Ct. 1160 (1993) does not preclude the heightened pleading requirement in actions against individual government defendants). Under Elliott, a plaintiff is required to plead more than mere conclusory assertions to support a § 1983 claim. Baker, 75 F.3d at 195; Elliott, 751 F.2d at 1479. The plaintiff is required to allege claims of specific conduct and actions giving rise to a constitutional violation. Baker, 75 F.3d at 195.

When as here, the defense of qualified immunity is raised, a plaintiff must state facts, which if proven, would defeat the defense. Babb v. Dorman, 33 F.3d 472, 475 n.5 (5th Cir. 1994); *see also* Jacquez v. Procunier, 801 F.2d 789, 791 (5th Cir. 1986). To defeat the defense of qualified immunity, a plaintiff must allege the violation of a clearly established constitutional right. Wicks v. Miss. State Employment Servs., 41 F.3d 991, 994 n.10, 994-95 (5th Cir. 1995) (noting that the burden of negating the defense lies with the plaintiff). The plaintiff must support her "'claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the

5

time of the alleged acts.'" Baker, 75 F.3d at 197 (quoting Schultea v. Wood, 47 F.3d 1427, 1434 (5th Cir. 1995) (en banc)).

In her complaint, Mahan alleges that the gravamen of her complaint is that "defendant police officers [Pendergast's and Cargill's] use of deadly force against [Robinson] was objectively unreasonable and excessive." Document No. 8, at ¶ 7. It is well settled that claims involving claims of excessive force are based upon an alleged violation of the Fourth Amendment. *See* Graham v. Connor, 109 S. Ct. 1865, 1867-68 (1989). To prevail on her claim of excessive force under the Fourth Amendment, Mahan must do more than allege that the individual officers used excessive force. Jackson v. City of Beaumont Police Dep't, 958 F.2d 616, 620 (5th Cir. 1992). She must plead specific facts that if proved would overcome the individual officer's immunity defense. Id.

Examples of facts relevant to a qualified immunity defense to an excessive force claim include evidence that: (1) the officers harbored ill-will toward the citizen; (2) whether a warrant was employed; (3) whether more than one arrestee or officer was involved; (4) whether the plaintiff resisted arrest or was armed; (5) whether the plaintiff was sober; (6) whether other dangerous or exigent circumstances existed at the time of arrest; and (7) on what charges plaintiff was arrested. Id. Mahan's complaint lacks that kind of specificity. Plaintiff's pleading regarding Officers Pendergast's and Cargill's alleged use of excessive force is that

6

"[Robinson] . . . was shot ten times with a 9mm handgun at point blank range by Houston Police Officer [Prendergast], working undercover, while in the back seat of car driven by Houston Police Officer [Cargill], working undercover, near 6600 Gulf Freeway (Highway 35) in Houston, Harris County, Texas, on the northbound side April 19, 2000." Document No. 8, at ¶ 8.  Mahan further alleges that the gunshot wounds penetrated Robinson's skull, spinal cord, arm, and chest area.  Id. at ¶¶ 10-19.

Plaintiff's allegations of the shooting and mortal wounds are insufficient to imply that the deadly force described was also an excessive use of force.  To the contrary, the bare context alleged for this shooting is that Officers Pendergast and Cargill were on duty as undercover agents, which are assignments known to be perilous for the officers, and that both were in an automobile with Robinson.  No further facts are alleged as to why Robinson was in the undercover officers' automobile, the background of their encounter or relationship, whether a warrant was employed, whether Robinson was under arrest, whether Robinson was sober, whether other persons were involved, whether Robinson was armed, whether the officers were at risk of death or serious personal injury at the hands of Robinson, whether other dangerous or exigent circumstances existed at the time of the shooting, whether either officer harbored ill-will toward Robinson, and the like.  In other words, the use of deadly force is not always equivalent to the use

7

of excessive force, and Plaintiff's pleading at present—given the heightened pleading requirement—is insufficient to state a claim for the use of excessive force by Officers Pendergast and Cargill. Moreover, with respect to Officer Cargill, Mahan's only allegation is that he was driving the car when Robinson was shot. This allegation is also insufficient to raise a § 1983 claim against Cargill. See Jacquez, 801 F.2d at 793 (holding that in order successfully to plead a cause of action in § 1983 cases, the plaintiff must enunciate a set of facts that illustrate the defendant's participation in the wrong alleged).

When the instant lawsuit was filed, Mahan was acting pro se. Thereafter, Mahan obtained counsel and sought leave to amend her complaint. After leave was granted, Mahan filed her First Amended Original Complaint, which is now the subject of Defendants' Motions to Dismiss. Mahan was required to plead her § 1983 claims against Officers Pendergast and Cargill with specificity pursuant to the heightened pleading standard. As the Court has noted, she failed to do so. Notwithstanding, the Court is cognizant that "[d]ismissing an action after giving the plaintiff only one opportunity to state [her] case is ordinarily unjustified." Id. at 792. The better course to take "when a complaint does not establish a cause of action in a case raising the issue of immunity, . . . [is to] provide the plaintiff an opportunity to satisfy the heightened pleading requirement . . . ." Id.

Accordingly, Officer Pendergast's and Cargill's Motion to Dismiss will be granted unless Mahan, within ten (10) days after the entry of this Memorandum and Order, files an amended complaint pleading with particularity, and in conformity to the heightened pleading standard required, material facts sufficient to establish a right to recover damages under § 1983 for the unconstitutional use of excessive force, including detailed facts supporting the contention that Officer Pendergast's and Cargill's pleas of immunity cannot be sustained. See id.

B.  Claims Against the City

Unlike claims filed against individual defendants, claims asserting constitutional violations by municipalities are not subject to the heightened pleading standard pronounced in Elliott. Baker, 75 F.3d at 195. To state a claim against the City, therefore, Mahan need only comply with the liberal pleading requirements set forth in Rule 8(a) of the Federal Rules of Civil Procedure by providing a short and plain statement of her claims showing that she is entitled to relief. FED. R. CIV. P. 8(a); Leatherman, 113 S. Ct. at 1163.

To establish a § 1983 claim against a municipality, a plaintiff in addition to proving the deprivation of a constitutional right must also establish that the city itself caused the deprivation. City of Canton v. Harris, 109 S. Ct. 1197, 1203

(1989); Monell v. Dep't of Soc. Servs., 98 S. Ct. 2018, 2036 (1978) (holding that under § 1983, a municipality cannot be held liable under a theory of respondeat superior). This requires the execution of an official city policy or custom which results in the injury made the basis of the § 1983 claim. Bd. of County Comm'rs v. Brown, 117 S. Ct. 1382, 1388 (1997); Monell, 98 S. Ct. at 2035-36. To survive the City's Motion to Dismiss then, Mahan must plead facts that show: (1) a policy or custom existed; (2) the government policy makers actually or constructively knew of its existence; (3) a constitutional violation occurred; and (4) the custom or policy served as the moving force behind the violation. Meadowbriar Home For Children, Inc. v. Gunn, 81 F.3d 521, 532-33 (5th Cir. 1996).

In her complaint, Mahan alleges a violation of Robinson's Fourth Amendment rights. She alleges that Officers Pendergast and Cargill were acting under color of state law at the time of the alleged incident and that Officer Pendergast's use of objectively unreasonable deadly force was "in compliance with [the City's] deficient actual policies. Procedures, practices, and customs relating to the use of force, including deadly force." [sic] Document No. 8, at ¶ 23, 34. Specifically, Mahan alleges that the City provides its officers with "too much discretion in determining whether to use excessive force without considering less drastic alternatives," that the "deficient actual policies . . . are caused

10

by and amount a conscious disregard of and deliberate indifference to a citizen's right not to be subjected to deadly force except when objectively reasonable," and that the "deficient policies were the proximate cause of [Robinson's] death." Id. at ¶ 23. Mahan further alleges that the City failed adequately to train Officers Pendergast and Cargill in the use of deadly force or to discipline the Officers for misconduct. Id. at ¶¶ 24-27.

If ultimately proven true, Mahan's allegations might be sufficient to establish municipal liability. Therefore, taking Mahan's allegations as true and given that Mahan is not required to plead pursuant to the heightened pleading standard, the Court finds that Mahan has stated a claim for which relief may be granted. Accordingly, the City's Motion to Dismiss Mahan's § 1983 claim will be denied, but without prejudice to the City filing a motion for summary judgment if such should appear warranted after a reasonable period of discovery.

The City also moves to dismiss Mahan's state law claims against the City based on the Texas Tort Claims Act ("TTCA"). The City states that Mahan: (1) has failed to establish a waiver of sovereign immunity under the TTCA; and (2) that Mahan's claim, though couched in terms of negligence, is actually a claim for an intentional tort. Under the TTCA, a governmental unit may be held liable for "personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit

11

would, were it a private person, be liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2). A governmental unit, however, may not be held liable under the Act for claims "arising out of assault, battery, false imprisonment, or any other intentional tort." Id. § 101.057(2).

Mahan alleges that the City and the Officers are liable under state law because Officers Pendergast and Cargill proximately caused Robinson's death by their wrong acts, omissions, and/or negligence in the use of the City's tangible property while acting within the scope of their employment. Document No. 8, at ¶¶ 28-29. In her description of the facts, however, Mahan does not allege that Officers Pendergast's and Cargill's actions were in any way negligent. To the contrary, while Mahan alleges under her state law claim that the Officers' negligent acts led to her son's death, the only actions that are described as negligent under her state law claims are the same actions that form the basis of her § 1983 claim. Under her § 1983 claim, Mahan alleges that Officers Pendergast and Cargill violated Robinson's Fourth Amendment rights by shooting Robinson ten times at point black range. Id. at ¶ 8. She further alleges that Officer Pendergast's use of deadly force against her son was in compliance with the City's deficient policies relating to the use of deadly force. Id. at ¶ 23. Mahan does not allege that Officer Pendergast's shooting was inadvertent. Nor does she allege that the gun went off accidentally.

12

"'[T]he prevailing case law on this issue mandates that [Mahan] cannot circumvent the intentional tort exception to waiver of municipal liability by simply pleading negligence when the shooting event upon which [she bases her] claims is actually an intentional tort.'" Holland v. City of Houston, 41 F. Supp. 2d 678, 714 (S.D. Tex. 1999) (quoting Huong v. City of Port Arthur, 961 F. Supp. 1003, 1009 (E.D. Tex. 1997)). Moreover, Mahan cannot pursue pendent state claims under the TTCA when the claims are based on a single event, which is alleged under a contemporaneous § 1983 cause of action to be an intentional tort. Id. at 713; see also City of San Antonio v. Dunn, 796 S.W.2d 258, 261 (Tex. App.–San Antonio 1990, writ denied) (holding that there was no waiver of municipal immunity under the Texas Tort Claims Act where claims arose out of the intentional torts of excessive force and false arrest). Consequently, the City's Motion to Dismiss Mahan's negligence state law claims against the City will be granted.

Finally, the City asserts that Mahan's survival action should be dismissed because she lacks the requisite legal standing to bring suit as the vested legal representative of the estate of Robinson. Under the Texas Survival Statute, "[a] personal injury action survives to and in favor of the heirs, legal representatives, and estate of the injured person." TEX. CIV. PRAC. & REM. CODE ANN. § 71.021(b). "Generally, the personal representatives of the decedent's estate are the only people entitled to

13

recover estate property." Ford Motor Co. v. Cammack, 999 S.W.2d 1, 4 (Tex. App.—Houston [14th Dist.] 1999, pet. denied) (citing Sheperd v. Ledford, 962 S.W.2d 28, 31 (Tex. 1998)). "Circumstances exist, however, when an heir may have standing to bring suit on behalf of the decedent's estate." Id. An heir has standing to bring a survival action within the four-year period allowed for administration of an estate, if the heir pleads and proves that no administration of the decedent's estate is pending and that none is necessary. Id.; *see also* Garcia v. Caremark, Inc., 921 S.W.2d 417, 421 (Tex. App.—Corpus Christi 1996, no writ). In this case, Mahan is suing as a parent on behalf of her son's estate. She fails to allege, however, that there is no administration pending for Robinson's estate and that none is necessary. Such facts are necessary for one to assert standing as an heir under the Texas Survival statute. Notwithstanding, Mahan does allege that "she is an individual who is a citizen of the United States residing in Harris County, Texas and is the *representative* of the Estate of Lanny Blaine Robinson . . . ." Document No. 8, at ¶ 1 (emphasis added). Because a representative has standing to sue on behalf of an estate, Ford Motor Co., 999 S.W.2d at 4, and because the Court at this juncture must construe all well-pleaded allegations in Plaintiff's complaint as true, the Court finds that Mahan's survival action survives the City's Motion to Dismiss. If after discovery it becomes apparent that Mahan is not the legal

representative of Robinson's estate, the City may then move for summary judgment on Mahan's survival action for lack of standing.

IV. Order

For the foregoing reasons, it is hereby

ORDERED that Defendant The City of Houston's Rule 12(e) Motion for More Definite Statement (Document No. 4), Defendant The City of Houston's 12(b)(6) Motion to Dismiss (Document No. 5), and Defendant Mark R. Pendergast's 12(b)(6) Motion to Dismiss (Document No. 9) are DENIED as moot; it is further

ORDERED that Defendant Jimmy D. Cargill's First Amended 12(b)(6) Motion to Dismiss (Document No. 19) and Defendant Mark R. Pendergast's First Amended 12(b)(6) Motion to Dismiss (Document No. 22) will be granted unless Plaintiff, within ten (10) days after the entry of this Memorandum and Order, files an amended complaint pleading with particularity all material facts that she contends will establish her right to recovery under 42 U.S.C. § 1983, including detailed facts supporting the contention that the Defendants' plea of immunity cannot be sustained; it is further

ORDERED that The City of Houston's First Amended 12(b)(6) Motion to Dismiss (Document No. 18) is GRANTED in part. Plaintiff's state law claims against the City for negligence are

DISMISSED with prejudice. The City of Houston's First Amended 12(b)(6) Motion to Dismiss is otherwise denied.

The Clerk will enter this Order and send copies to all counsel of record.

SIGNED at Houston, Texas on this 6TH day of February, 2003.

                                              _____
                                              EWING WERLEIN, JR.
                                              UNITED STATES DISTRICT JUDGE